UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARK PICOZZI,<br><br>         Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>         Defendants. | Case No. 2:20-cv-00777-KJD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1); MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3); ADDENDUM TO COMPLAINT (ECF NO. 4) |

Before the Court are pro se plaintiff Mark Picozzi's application to proceed *in forma pauperis* (ECF No. 1), complaint (ECF No. 1-1), motion for appointment of counsel (ECF No. 3), and addendum to the complaint (ECF No. 4). Picozzi's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice, with leave to amend; (3) his motion for appointment of counsel is denied; and (4) his addendum, which the Court construes as a motion for leave to amend the complaint, is denied as moot.

## DISCUSSION

Picozzi's filings present two questions: (1) whether Picozzi may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Picozzi's complaint states a plausible claim for relief.

**I.    Whether Picozzi May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in

installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. (ECF No. 1 at 1). Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages. (*Id.*) Plaintiff also attached a notarized account statement from the High Desert State Prison. (*Id.* at 3-8). Plaintiff's application to proceed in forma pauperis is granted.

## II.   Whether Picozzi's Complaint States a Plausible Claim

### a.   Legal Standard

Because the Court grants Picozzi's application to proceed *in forma pauperis*, it must review Picozzi's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled

2

to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Plaintiff's Complaint

Picozzi's complaint is a Section 1983 complaint against nearly forty-five defendants, including but not limited to the State of Nevada, the Clark County District Attorney's Office, District Attorney Steven Wolfson, multiple companies and organizations, media companies and newspapers ("Media"), and other individual defendants. (ECF No. 1-1 at 1-2). Picozzi's complaint narrative is difficult to follow, partly because he does not discuss the parties individually, but he appears to allege that all the defendants engaged in a mass conspiracy that led to his 2014 arrest, subsequent trial, and current incarceration. (*Id.* at 3-4). For example, he alleges that the defendants engaged in, "a conspiracy to cover-up stolen evidence" and "lying under oath to cover up evidence" which "violated plaintiff's rights to a fair trial." (*Id.* at 3-4 and 10). Picozzi alleges that the Media's coverage of his trial influenced the

3

jury and defamed him[1]. (*Id*. at 9). Plaintiff alleges in his complaint that he also has a pending habeas corpus petition, "under Case No. C-14-296618 in Clark County District Court" regarding the same set of facts in the instant complaint (*Id*. at 12).

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

Plaintiff's challenge to the events that happened at this trial, including the allegations that the defendants covered up evidence and lied under oath, and that the Media's coverage influenced the jury, paired with the fact that he is still incarcerated, is a challenge to, "the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). The prisoner's "sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (Finding that inmates did not have standing to seek relief under § 1983 because the validity of confinement can only be addressed by a habeas corpus petition.)

---

[1] The statute of limitations for defamation is two years from the date of publication in the state of Nevada. NRS § 11.190(4)(c). The plaintiff does not indicate the date of publication of the negative trial coverage in his complaint. Given that the events at issue occurred around or shortly after 2014, it appears the statute of limitations has likely passed for any defamation claims against the Media. Plaintiff's defamation claims also likely cannot proceed.

Plaintiff does not have standing to challenge the invalidity of his confinement due to what plaintiff alleges was not a fair trial; he thus he fails to state a § 1983 claim against any of the defendants. Plaintiff has already (properly) raised these allegations in a pending habeas corpus proceeding.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff is still incarcerated and gives no indication in his complaint that his conviction has been overturned by any court.

Plaintiff has a pending habeas corpus petition regarding the same facts and issues in the instant complaint in Eighth Judicial District Court in Clark County, Nevada ("State Court"). Picozzi fails to articulate a claim or claims against defendants. The Court finds that it is unlikely that the deficiencies can be cured through amendment given that he is incarcerated, the plaintiff's habeas corpus petition is pending, and the State Court has not yet declared his conviction invalid. It also appears that the two-year statute of limitations has passed for any purported defamation claims against the media.

Picozzi's complaint is dismissed without prejudice. If Picozzi believes he can these deficiencies through amendment, he may try to do so: in his amended complaint he must explain how he has standing to bring these claims, how the Court has jurisdiction over each defendant, the circumstances of the case including the relevant dates of the events, the relief Picozzi seeks from the Court, and the law upon which he relies in bringing the case in this Court. If plaintiff files an amended complaint, it must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

### c. Motion for Appointment of Counsel and Addendum to Complaint

Plaintiff also filed a motion for an appointment of counsel. (ECF No. 3). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (citations and internal quotation marks omitted).

Plaintiff's complaint lacks merit and the Court finds that it is unlikely that the plaintiff will be able to state a claim in his amended complaint, if he chooses to file one, given that it appears that his proper recourse is to pursue his pending habeas corpus petition in State Court. Plaintiff has articulated his legal claims despite his pro se status. The Court finds there are no exceptional circumstances and the Court denies plaintiff's motion for an appointment of counsel.

In plaintiff's addendum to the complaint he states that he wishes to add additional claims for malicious prosecution and false imprisonment against the Clark County District Attorney's office, DA Steven Wolfson, and multiple other defendants. (ECF No. 4 at 1). Plaintiffs are not allowed to file addendums to complaints because a complaint must be complete in and of itself, but using the liberal pleading standard, the Court will interpret plaintiff's addendum as a motion to amend his complaint. As analyzed above, plaintiff's new claims would be futile because both claims challenge the validity of his confinement, which can only be addressed in a habeas corpus petition. Since the Court is giving plaintiff leave to amend, plaintiff's addendum/motion to amend is denied as moot.

ACCORDINGLY,

IT IS ORDERED that Picozzi's application to proceed in forma pauperis (ECF No. 1) is granted.

6

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Picozzi's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Picozzi has until Monday, June 15, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that plaintiff's addendum/motion to amend (ECF No. 4) is DENIED as moot.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 15th day of May 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE