**Priority Review**

Mark Picozzi #80573
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070

UNITED STATES DISTRICT COURT

Mark Picozzi,
    Plaintiff,

v.

Case 2:20-cv-00777-KJD-VCF

State of Nevada
Clark County District Attorney's Office (CCDA)
Steven B. Wolfson (CCDA)
Marc DiGiacomo (CCDA)
Dena Rinetti (CCDA)
Michelle Y. Jobe (CCDA)
Gynneth Smith (CCDA)
Las Vegas Metropolitan Police Department (LVMPD)
Doug Gillespie (Sheriff LVMPD Retired)
Joe Lombardo (Sheriff LVMPD)
LVMPD Evidence Vault
LVMPD Apprehension Team
Det. Zachary Johnson #8527 LVMPD
Det. Michelle Tavarez #8518 LVMPD
Det. Ransom Beza #9341 LVMPD
Det. Thomas Faller #6749 LVMPD
Det. Linda Theobald #8097 LVMPD
Det. Angie Christensen #7200 LVMPD
Sgt. Shon Comiskey #6532 LVMPD
LVMPD Dan Coxson Apprehension Team
Clark County Detention Center (CCDC)
Sgt. Williams (CCDC)
Records Support Unit (CCDC)
Intel/Classification (CCDC)
Unit 5-D Officers (CCDC)

FILED
COUNSEL/PARTIES OF RECORD
APR 29 2020
DISTRICT OF NEVADA
BY:_____ DEPUTY

-1-

Cosmopolitan Hotel + Casino
Daniel Ronke Security Inv. Cosmopolitan
Chuck Jones Security Inv. Cosmopolitan
Kevin Saudle Security Inv. Cosmopolitan
MGM Hotel + Casino
Security + Surveillance MGM
Westin Hotel + Casino
Security + Surveillance Westin
Atlantic City Police Department (ACPD) Atlantic City, New Jersey
Det. Mitzi Cruz #726 (ACPD)
Det. Scoppa (ACPD)
Cherry Hill Police Department (CHPD) Cherry Hill, New Jersey
Det. Kyle Brooks (CHPD)
WPVI T.V. Channel 6 Action News
Disney (Owner WPVI)
Casey Landis, Attorney
Michael Schwarz, Attorney
Lucas Gaffney, Attorney
Jada Sturman
Brandy Wiscowiche
Las Vegas Dream Girls Escorts
Roberto Romero
John/Jane Does from LVMPD and CCDC
John/Jane Does from Cosmopolitan, MGM, Westin Security
John/Jane Does from CCDA
   Defendants.

-2-

Comes Now Plaintiff, Mark Picozzi who currently resides at High Desert State Prison had his Fourth, Fifth, Sixth, Eigth, Ninth, Fourteenth Amendment Rights under the United States Constitution violated by the above Named defendants. The following Rights were violated by the above named defendants. 1. Tampering with Evidence; 2. Withholding Evidence; 3. Lying Under Oath to Cover-Up Evidence; 4. Obstruction of Justice; 5. Conspiracy to Cover-Up Stolen Evidence; 6. Denying Plaintiff his right to Appeal Process by Withholding Evidence that would exonerate plaintiff and having detectives not cooperate with lawyers and investigators; 7. Unreasonable Search and Seizure of Evidence; 8. Violating Plaintiff's Due Process Rights to Appeal Process; 9. Denying Plaintiff Assistance of Counsel during Case; 10. Cruel and Unusual Punishment; 11. Concealing Documents.

Each Defendant is being sued in <u>his or her individual and official capacity with the state of Nevada</u>. All of the Named Defendant's acted under color of law to violate Plaintiff's Rights.

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C § 1983.

Plaintiff is suing for "<u>One Hundred Million Dollars</u>" $100,000,000.00 for Compensatory Damages; Punitive Damages; Defamation of Character, Liable, Slander; Cruel and Unusual Punishment; Recklessness; Negligence; Loss of Companionship; Mental Anguish; Violating Plaintiff's Civil Rights; Plaintiff is asking for a "<u>Jury Trial</u>."

Further, Plaintiff is asking for a Federal Grand Jury

-3-

to be impaneled to seek a Criminal Indictment against the named defendants for Obstruction, Conspiracy, Tampering with Evidence, Withholding Evidence, Lying Under Oath, Denying Plaintiff his Due Process Rights to Appeal Process; Negligence, Recklessness.

Plaintiff is asking for "PRIORITY REVIEW" pursuant to 28 U.S.C. § 636(b)(1)(A) and LR 1B 1-3 of the Local Rules of Practice.

## LEGAL ARGUMENT / STATEMENT OF FACTS

1. On January 30, 2014 Plaintiff, Mark Picozzi was arrested by the Las Vegas Metropolitan Police Department Apprehension Team at the Westin Hotel and Casino by Det. Linda Theobald, Dan Coxson, Sgt. Shon Comiskey and several John Doe Metro Officers. They searched Plaintiff Picozzi in the Westin Parking lot and found his car keys. Detectives walked through Westin Parking lot pushing the button on the keys to locate the car. The car was found and searched "Prior" to a Search Warrant being obtained. Westin Surveillance clearly proves this fact. Numerous items were searched in the car including a cell "phone" (one of two plaintiff had) and a "laptop computer." The laptop computer and cellphone were "Never logged into evidence". Detectives started searching that evidence and what was on that evidence they wanted no one to see. After numerous detectives, District Attorney's office saw what was on phone, laptop they conspired to get rid of this evidence.

On March 12, 2014 two Dectives from the Atlantic

-4-

City Police Department, Detectives Mitzi Cruz, and Scoppa came to Clark County Detention Center with District Attorney Dena Rinetti and CCDC had plaintiff brought from his room 5-C-4 to an interview room with a double glass. Ms. Rinetti stood behind the glass in a black skirt, yellow top, black jacket suit while plaintiff was interviewed by Det. Cruz and Scoppa. They questioned plaintiff about case and told him if he cooperated and told them about laptop, cell phone pictures and gave them computer and cellphone they would investigate and drop all charges. They would not let plaintiff leave room with no lawyer present, for hours. Plaintiff trusted detectives and signed a "Consent to Search" and these detectives took laptop and cell phone. This evidence was never logged in, so from January 30, 2014 thru March 12, 2014 this was in the District Attorney's hands. It was never recorded in evidence, in the log books, evidence vault. District Attorney Dena Rinetti told CCDC records, intel, classification to cover-up this visit. Yet there is overwhelming proof this visit took place. Airline reservations, hotel reservations and the Consent to Search Form itself. Steven Wolfson is the head District Attorney and this happened on his watch as D.A.'s Marc DiGiacomo, Dena Rinetti, Michelle Jobe and Gynneth Smith all knew about the laptop and cellphone. Clark County Detention Center covered up this visit in numerous attempts to get visit logs, records, and CCDC Records, Intel, Classification, Unit 5 C-D Officers covered up this visit. Las Vegas Metropolitan Police Department which was led by

-5-

Doug Gillespie Sheriff at that time and his detectives confiscated evidence without a warrant and covered up what was in laptop, cellphone. Det. Zachary Johnson, Det. Michelle Tavarez, Det. Ranson Beza, Det. Thomas Fuller, Det. Linda Theobald, Det. Angie Christensen, Det. Shan Comiskey, and Dan Coxson were all present at Westin parking lot. As was Det. Lawrence Rinetti and Adan Sealey.

The Westin hid the video from plaintiff, his attorneys of the search of his car. They covered up what Metro did.

2. Plaintiff was arrested for impersonating a police officer, sexual assault of two prostitutes. Las Vegas Dream Girls sent Brandy Wiscowiche to the Cosmopolitan on January 28, 2014. Ms. Wiscowiche was "86'd" (banned) from the Cosmopolitan. She was trespassing on that property, yet she was able to gain access to that property. Someone gave Ms. Wiscowiche or her friend who was in room prior to plaintiff Picozzi or Ms. Wiscowiche's arrival a key to that room. The Cosmopolitan surveillance clearly states and shows plaintiff Picozzi was Never near front desk. He never got a room key.

The Cosmopolitan's security, its staff was negligent, reckless for allowing someone other than the occupant of that room to gain access causing Mr. Picozzi irreparable harm. The Cosmopolitan and its staff, Security detail Daniel Rouke, Chuck Jones, Kevin Saudle covered up the surveillance video so no one knew what really happened. It is incomprehensible how video could not be find when Plaintiff leaves the elevator. The D.A's office nor

-6-

Metro wanted anyone to see what happen when Plaintiff exited the elevator. The Cosmopolitan, its staff, security failed to protect plaintiff Picozzi and covered up the fact staff was allowing escorts on there property and to obtain room keys. They were Negligent and reckless.

3. The MGM Hotel and Casino, its Security team allowed a Known Prostitute to live on its property. They allowed Jada Sturman to live on its property and run a prostitution ring from her room. They never did a background check on her, they were not concerned who was living on there property or that she was doing drugs on there property, selling drugs on there property, drugging men, robbing them. Ms. Sturman filed a report after plaintiff Picozzi was arrested saying she to was sexually assaulted. MGM staff tried to cover-up the video surveillance and the time plaintiff was actually there. They covered up the investigation to protect themselves. They conspired with Metro and the D.A's office to withhold video and lie about the investigation.

They failed to protect Plaintiff Picozzi on there property and they were Negligent and reckless.

4. The Atlantic City Police Department and Detectives Cruz and Scoppa were Negligent, reckless, and conspired to cover-up there visit to plaintiff Picozzi by knowingly, willingly, deliberately, and with malicious intent taking evidence (laptop, cellphone) that they knew was not logged into evidence out of the state of Nevada

-7-

to New Jersey. They denied him his lawyer, violated his Due Process Rights. They were at his Preliminary Hearing with Dena Rinetti as Case Laudis, Attorney saw them. They knew they were withholding evidence and they knew what was on the laptop and cellphone. In Numerous attempts to reach them during the Trial phase and "<u>Appeal</u>" Now currently going on, they refused to respond to Attorneys and Private Investigators.

    In January or February 2020 Detective Cruz in one call to Mr. Gaffney, Attorney or Craig Retke, Private Investigator she Det. Cruz admitted she took laptop and cellphone and was at CCDC. Now they won't return or speak to lawyer or private investigator. This violates Plaintiff's Rights to the Appeal Process. Dena Rinetti, District Attorney along with CCDC conspired to cover-up this visit. This violates Plaintiff's Due Process Rights and his right to counsel during interview. Now Ms. Rinetti is telling Detectives Cruz and Scoppa Not to return our calls nor speak with us. This denies plaintiff his right to obtain evidence in his favor and the Appeal Process currently going on.

5. Cherry Hill Police Department and Detective Kyle Brooks Conspired to withhold documents with the D.A's Office Dena Rinetti and Michelle Jobe that would of been beneficial to Plaintiff Picozzi during his testimony. Det. Brooks Conspired to withhold written and recorded statements made by witnesses who testified at trial. Det. Brooks made false public

-8-

statements to the news media that were 100% un-true. This affected the Jury as some Googled Plaintiff. Records will show this. Even though Judge Johnson told the Jury <u>not</u> to Google me, they did. Det. Brooks withheld evidence, conspired, obstructed evidence to get back at Plaintiff for a previous investigation of him and Cherry Hill Police by New Jersey Authorities.

6. WPVI T.V. Channel 6 Action News and Disney Owner of that station are liable for airing a "<u>false</u>" story which is still on Google to this day. They said "Mark Picozzi served prison time for Rape". Never in my life have I ever been accused, charged, or convicted of Rape until this present case. Jada Sturman googled me and saw this and made totally false claims. The Jury saw this and it affected their deliberations.
   WPVI T.V. Channel 6 Action News and Disney and Liable for Defamation of Character, Liable, Slander of my name, providing a false story and to this day not recanting that story.

7. Casey Landis, Michael Schwarz, Lucas Gaffney, Attorney's for Plaintiff all knew about the laptop, cellphone that New Jersey came and took. They did nothing about it. Casey Landis sent a letter to Atlantic City Police and Clark County Detention Center and that was it. This evidence was crucial to Plaintiff Picozzi's case and they did nothing. All three Attorney's knew this was a "<u>Brady Violation</u>" yet they chose

-9-

to do Nothing. In Numerous letters, phone calls from Plaintiff Picozzi to these lawyers telling them to Obtain airline reservations, hotel reservations, issue subpoena's they all chose to do Nothing. They failed Plaintiff In the Trial Phase and Now Appeal Phase. Motions should of been Filed immediately Notifying the Court of what took place. They violated Plaintiff's Rights under Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment. They failed in there duties to Properly represent plaintiff.

8. Jada Sturman, Brandi Wiscowiche, Las Vegas Dream Girls, Roberto Romero all Provided False Statements, False Accusations. Roberto Romero on the D.A's doing failed to show up to court or be found during trial. Las Vegas Dream Girls Provided unlawful escorts to casinos assisted them in there illegal activities drugging, robbing, men. They conspired in there illegal activities.

It is clear that Numerous defendant's in this case violated Plaintiff's Rights to a Fair Trial. The State failed to turn over evidence beneficial to Plaintiff Picozzi. This is a clear Brady Violation. A Criminal Prosecutor Duties is Not to win a case, but Justice be done. Not to Obstruct yet they did the following with police.
1. Obstructive Act
2. Nexus to an Official Proceeding
3. Criminal Intent
   This Impairs the integrity or availability. Left Out

-10-

Exculpatory Evidence Favorable to the Plaintiff Picozzi this clearly violates Brady. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and NRS 174.235. This also violates <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

The Prosecutor and Police must produce exculpatory evidence in its actual or constructive possession. In this case they violated Plaintiff Picozzi Due Process Rights Clause of the Fifth and Fourteenth Amendment of the United States Constitution. Likewise Article 1 Section 8 of the Nevada Constitution. They also violated Fundamental Fairness. <u>California v. Trombetta</u>, 467 U.S. 479, 485 (1984). It is a violation of Due Process for the prosecutor and police to withhold exculpatory evidence and his/her motive for doing so is immaterial. The prosecutor represents the State and has a duty to see that Justice is done in a criminal prosecution. <u>Jimenez v. State</u>, 112 Nev. 610, 618 (1996). "Furthermore, this duty is <u>continuous</u> and exists regardless of whether the State uncovers the evidence before trial, during trial or after trial after the defendant has been convicted." <u>Imbler v. Patchman</u>, 424 U.S. 409, 427 (1976).

Whether such evidence is admissible or not at the time of trial or whether the State believes such evidence to be unreliable or unbelievable has no bearing on the State's obligation to produce it. See <u>Lay v. State</u>, 116 Nev. 1185, 1196 (2000). The state must disclose potentially exculpatory evidence if it is material; it is up to the defense to deal with problems concerning the extent to which the evidence can be used or expanded upon. See <u>Carrington v. Stewart</u>, 132 F.3d 463,

-11-

481 (9th Cir. 1997). Brady material is not limited to investigative leads or reports that are admissible in evidence. Evidence need not have been independently admissible to have been material. See Kyles at 440.

For these reasons Plaintiff brings this lawsuit against all named defendants. Plaintiff is currently on a Habeas Corpus (Post Conviction Relief) under Case No. C-14-296618-1 in Clark County District Court. When Prosecutors, Police, Casinos cover-up evidence and withhold evidence now at the very "Core" of an appeal this creates incomprehensible arguments in an appeal. Plaintiff asserts his Constitutional Right to file this Lawsuit and holds each defendant liable for their actions.

Dated this 24th day of April, 2020.   *Mark Picozzi*
                                                              Mark Picozzi

## CERTIFICATE OF SERVICE/MAILING

I hereby Certify and Swear under Penalty of Perjury that on the 24th day of April, 2020 I mailed a Civil Lawsuit (12 pages) to the following by way of U.S. Mail Brass Slip No: 2377913 for Postage to the following:

Clerk, U.S. District Court
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. SO- RM 1334
Las Vegas, Nevada 89101

Dated this 24th day of April, 2020.   *Mark Picozzi*
                                                              Mark Picozzi

Mark Picozzi #1113173
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070

Clerk, U.S. District Court　　　　April 24, 2020
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So- RM 1334
Las Vegas, Nevada 89101

Dear Madam/Sir Clerk,

　　Enclosed for Filing is a Civil Lawsuit to be filed and given a Case Number. Attached enclosed is the following: **PRIORITY REVIEW**

1. Application To Proceed In Forma Pauperis　　3 Pages

2. Financial Certificate　　11 Pages

3. Civil Lawsuit　　12 Pages

4. Civil Lawsuit (Plaintiff's Copy to Be Returned) 12 pages

　　Please Mark My Copy Stamped & Filed and given a Case Number and returned to me for my records.

　　Thank you very much for your time and attention in this matter.

　　　　　　　Very truly,
　　　　　　　Mark Picozzi
　　　　　　　Mark Picozzi

Mark Picozzi # 1113173
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070

Clerk, U.S. District Court      April 24, 2020
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. SO- RM 1334
Las Vegas, Nevada 89101

Dear Madam / Sir Clerk,
    Enclosed for Filing is a Civil Lawsuit to be Filed and given a Case Number. Attached enclosed is the following: <u>PRIORITY REVIEW</u>

1. Application To Proceed In Forma Pauperis    3 Pages

2. Financial Certificate    11 Pages

3. Civil Lawsuit    12 Pages

4. Civil Lawsuit (Plaintiff's Copy to Be Returned) 12 pages.

   Please Mark My Copy Stamped & Filed and given a Case Number and returned to me for my records.

   Thank you very much for your time and attention in this matter.
                Very truly,
                *Mark Picozzi*
                Mark Picozzi