# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MARK PICOZZI,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:20-cv-00777-KJD-VCF

**ORDER**

Motion for Clarification (ECF No. 7)

    Before the Court is pro se plaintiff Mark Picozzi's motion for clarification (ECF No. 7). The Court denies plaintiff's motion.

    This Court previously granted plaintiff's in forma pauperis application and dismissed his complaint without prejudice, with leave to amend. (ECF No. 5). The order dismissed plaintiff's complaint because it challenges his continued confinement and he has a pending habeas corpus petition in "under Case No. C-14-296618 in Clark County District Court" regarding the same set of facts. (*Id.* at 4, citing to ECF No. 1-1 at 12). The order also informed the plaintiff that he, "may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2." (ECF No. 5 at 7).

    The Court is mindful of its obligation to liberally construe a pro se party's pleadings. See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed'…") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Plaintiff seeks clarification regarding the statute of limitations for filing his civil rights action and whether he will be able to refile his civil rights complaint without having to pay a new fee. The Court construes plaintiff's request for clarification as a request for legal advice. The United States Supreme Court has acknowledged that requiring federal judges to explain the details of federal

procedure or act as a pro se litigant's counsel "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)("District judges have no obligation to act as counsel or paralegal to pro se litigants"). As the Ninth Circuit has explained, for a federal judge to give legal advice to a pro se litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee." *Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986). The Court denies plaintiff's request for "guidance" except for recommending that he seek the advice of an attorney. Since the Court denies the plaintiff's motion for clarification, the Court will extend the deadline to object to this Court's last Order (ECF No. 5) and extend the deadline for the plaintiff to file an amended complaint.

ACCORDINGLY,

IT IS ORDERED that Picozzi's motion for clarification (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Picozzi has until Wednesday, June 17, 2020 to file an objection to either this Court's May 15, 2020 Order (ECF No. 5) or the instant Order, or both.

IT IS FURTHER ORDERED that Picozzi has until Monday, Friday, July 3, 2020 to file an amended complaint addressing the issues the Court discussed in its May 15, 2020 Order (ECF No. 5). Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 3rd day of June 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE