# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

MARK PICOZZI,

               Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

               Defendants.

Case No. 2:20-cv-00777-KJD-VCF

**ORDER**

MOTION FOR COURT ORDER REGARDING A
PARALEGAL (ECF NO. 11)

Before the Court is pro se plaintiff Mark Picozzi's motion for court order regarding a paralegal (ECF No. 11). The Court denies plaintiff's motion.

This Court previously granted plaintiff's in forma pauperis application and dismissed his complaint without prejudice, with leave to amend. (ECF No. 5). The order dismissed plaintiff's complaint because it challenges his continued confinement and he has a pending habeas corpus petition in "under Case No. C-14-296618 in Clark County District Court" regarding the same set of facts. (*Id*. at 4, citing to ECF No. 1-1 at 12). The order also informed the plaintiff that he, "may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2." (ECF No. 5 at 7). The Court also denied his motion for clarification, finding that the Court cannot give plaintiff legal advice (ECF No. 8) and extended his deadline to file an amended complaint (ECF No. 10).

The Court is mindful of its obligation to liberally construe a pro se party's pleadings. See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed'…") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). The plaintiff now asks this Court to order the warden of the prison to have a paralegal sit down with him to discuss the legal issues before the Court. (ECF No. 1-1 at 3). The Court

has found that pro se parties are, "not entitled to support staff[.]" *United States v. Goldstein*, No. 2:10-cr-00525-GMN-PAL, 2012 U.S. Dist. LEXIS 65440, at .4 (D. Nev. May 9, 2012). Construing plaintiff's motion liberally as a motion for appointment of counsel, the Court denies the request because, "[a] litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel." *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). There are no exceptional circumstances here to warrant an appointment of counsel. See e.g. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(Holding that the court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances which, "requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." (citations and internal quotation marks omitted)).

The Court has already reviewed the complaint and filings in this case and found that the case did not have merit when it dismissed plaintiff's case without prejudice.  Plaintiff has demonstrated that he is capable of adequately articulating his claims and seeking relief from this Court, and the facts alleged, and issues raised are not of substantial complexity.  The Court does not find exceptional circumstances that warrant the appointment of counsel.  Since the Court denies the plaintiff's motion for a court order regarding a paralegal, the Court will sue sponte extend the deadline for the plaintiff to file an amended complaint.

ACCORDINGLY,

IT IS ORDERED that Picozzi's motion for a court order regarding a paralegal (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Picozzi has until Wednesday, September 16, 2020 to file an amended complaint addressing the issues the Court discussed in its May 15, 2020 Order (ECF No. 5).

Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3